UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MELBIN JAVIER OCHOA, et al.,

    Plaintiffs,

v.                                                     C.A. No. 1:14cv02072 RJL/DR

DAVID NUYEN, et al.,

    Defendants.

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant, David Nuyen ("Nuyen"), comprising the companies owned by the Defendant, in the District of Columbia ("District") and where the Plaintiffs, Melbin Javier Ochoa and Cesar Gaytan Rodriguez ("Plaintiffs") worked, does hereby file a Motion for Lack of Subject Matter Jurisdiction [first raised in his Verified Answer of March 14, 2014 in the "Defendants Motion for Reconsideration to Set Aside Entry of Default Pursuant to FRCP 55(c)"] which was denied by the court.

Noteworthy, as to timeliness of raising jurisdictional matters, Subject Matter Jurisdiction cannot be forfeited or waived based on the federal court's limited jurisdiction in which to adjudicate. *See* **Insurance Corp. v. Compagnie Des Bauxites,** 456 U.S. 694, 702 (1981):

> [N]o action of the parties can confer subject-matter jurisdiction
> upon a federal court. … and a party does not waive the requirement
> by failing to challenge jurisdiction early in the proceedings.

Plaintiffs in their Amended Complaint, Par. 18, allege that this court is

empowered to adjudicate this case through U.S.C. Sec. 203(s)(1) that "Defendants were engaged in commerce or in the production of goods for commerce…".

Also, under Par.. 20, that

> "during Plaintiffs' employment [they] engaged in [] employment duties, handled, sold, and otherwise worked on goods and materials that were moved in or produced for commerce thus … engaged in commerce or the production of goods for commerce as required by 29 U.S.C. Secs. 206-207."

Nowhere in its allegations, or during the Damages Hearing, have the Plaintiffs facially shown that their jurisdictional allegations are supported by facts to justify this court's Subject Matter Jurisdiction constituting interstate commerce. Instead, the parties activities are shown to merely *affect* commerce. An important distinction constraining Subject Matter Jurisdiction.

Similarly, at Par. 22, of the Amended Complaint, Sec. 29 U.S.C. 216(b); 28 U.S.C. Sec. 1337, represents no basis that this action relates to "any civil action or proceeding arising under any Act of Congress regulating commerce."

Defendants have provided no legally sustainable basis on how <u>workers living and working</u> in the District, and being supplied material and supplies in the District, are involved in interstate commerce to satisfy the Federal Question needed to confer Subject Matter Jurisdiction on this Court. Neither the Plaintiffs, nor the Defendants, have been shown in the repair and maintenance of District only housing projects how they were engaged in the movement or things in interstate commerce as required under the FSLA..

*See* **Navarro v. Broney Automotive Repairs, Inc.,** 533 F.Supp.2d 1223,1226 (S.D.Fla. 2008.) (auto parts manufactured outside Florida were ordered from local stores in Florida and taken to defendant's auto shop to be installed in customer's cars.)

> To establish a claim for overtime compensation under the FLSA
> Mr. Navarro has to show that either he was engaged in commerce
> or in the production of goods for commerce-individual coverage-
> or that Broney Automotive is an enterprise engaged in commerce
> or in the production of commerce – enterprise coverage.

Similarly here, Nuyen contracted for the Plaintiffs to travel from their nearby residences in the District to do repair work and maintenance on his locally owned buildings with supplies purchased at a local Home Depot's or similar local shops. Neither party was engaged in the "actual movement of person or things in interstate commerce."

The phrase "engaged in commerce" reflects Congress's intent to regulate "only activities constituting interstate commerce not activities merely affecting commerce." **Thorne v. All Restoration Serv., Inc.,** 448 F.3d 1264, 1266 (11th Cir. 2006) (citing **McLeod v. Threlkeld**, 319 U.S. 491, 497 (1943) (Congress did not intend to exercise the full scope of it power under the Commerce Clause in the FLSA.) *See also,* **Walling v. Jacksonville Paper Co.**, 317 U.S. 564, 570-71 (1943).

Based on the failure of the Plaintiffs to assert any factual underpinning that interstate commerce is involved in the case of their workers, except for conclusory allegations to this effect in their Amended Complaint, there is no Federal Question under 28 U.S.C. Sec. 1331, which must be proven to exist for this Court to assert Subject Matter Jurisdiction over this case.

For such reasons, and based on longstanding legal interpretation from the nation's highest court, this case must be remanded to the local court of the District of Columbia for jurisdiction based on the District's Wage and Hour Law as it may pertain to Overtime.

Respectfully submitted,

*/s/ Daniel Wemhoff*
Daniel Wemhoff, Esq. #420233
4600 S. Four Mile Run #831
Arlington, VA 22204
(703) 589-2199
e-mail:danwem@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the above Motion by Electronic Filing to opposing counsel, Jason D. Friedman at Zipin, Amster & Greenberg, LLC on this date, the 24th of August 2014.

_____
Daniel Wemhoff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MELBIN JAVIER OCHOA, et al.,

    Plaintiffs,

v.                      Case No. 1:12-cv-02072-RJL/DB

DAVID NUYEN, et al.,

    Defendants.

## DEFENDANTS' MOTION FOR ENTITLEMENT TO CONTEST DAMAGES AND PARTICIPATE IN THE DAMAGES HEARING

Pursuant to Fed. Rules Civ. Proc. 8(d); 26(b)(1) and 55(b)(2), 28 U.S.C.A., a defaulting defendant has the legal right, according to the above Rules of the Federal Court, to contest and participate in a damages hearings, where he has made an appearance, and the damages are *unliquidated*. Thus, the defendant may appear and offer proof to assist the court in ascertaining the legal amount of damages. *See* 10 Moore's Federal Practice 3D, Sec. 55.32[2][f], at 55-50. ("A defaulting party is entitled to contest Damages, and to participate in a hearing on damages, should one be held.") Cit. **Bonilla v. Trebol Motors Corp.,** 150 F.3d 77, 82 (1st Cir. 1998).

With this understanding, a District Court opinion here has held: "Default does not, however, establish liability for the *amount* of damages that the plaintiff claims." **Wondie v. Mekuria,** 742 F.supp.2d 118, 122 (D.D.C. 2010) (emphasis added) (cits.om.)

Understandably then, while a default may constitute an admission of liability, the quantum of damages does not, and must be established by proof where the amount is unliquidated. This meaning has particular application where the defaulting party has

made an appearance, as occurred here. Not only has Defendant, Nuyen, appeared by counsel, to file a Motion to Vacate the Default (which was denied on liability only), but once he received notice of the Damages Hearing held on August 22, 2014, he appeared with counsel and witnesses, but was denied participation.

While, Rule 8(d) requires only that "averments in a pleading to which a responsive pleading is required, <u>other than those as to the amount of damages,</u> are admitted when not denied in the responsive pleading." (emphasis added)

Similarly, Rule 26(b)(2) provides that "parties may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action." Although, Rule 55(b)(2) is silent on the subject of granting the defaulting defendant discovery, it does authorize the court to conduct a hearing to determine the amount of damages to be assessed against the defaulting defendant.

Presumptively, if such a hearing is held, where the damages are uncertain, only fairness and the court's search for damages to a legal certainty, the cited Rules would favor the defaulting party's ability to contest damages and have the court assess their proof of such.

Particularly controlling here is, that unlike Rule 55(b)(1) where the clerk may "[e]nter[] a Default Judgment if the "claim is for a sum certain…" the court makes the determination of the amount of unliquidated damages to a legal certainty.

Without delving into the merits of the Defendants' proof of damages here, it can be proffered that the Plaintiffs "employment" proof is decidedly different than would be the Defendants proof, if allowed to be presented at a Damages Hearing. Defendants would offer proof that the Plaintiffs were "piece workers", paid a predetermined and

agreed to sum, based on hours which were self-determined, and at a rate of pay for each project completed calculated on the basis of: Payment per project performed – divided by the hours worked = the hourly payment = any overtime owed based on time-and-a-half.

Further, the Defendants have a number of the time sheets from the years that the Plaintiffs were paid for their piece work and should be granted the opportunity under the Rules and case precedent, to offer these into evidence through the supervisor of the Plaintiffs (Dang Sung) who was a potential witness on the date of the Damages Hearing on August 22, 2014.

Respectfully submitted,

Daniel Wemhoff, Esq. #420233
4600 S. Four Mile Run #831
Arlington, VA 22204
(703) 589-2199
e-mail: danwem@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically and mailed a copy of the foregoing Motion for Entitlement to opposing counsel, Jason D. Friedman at Zipin, Amster & Greenberg, on this date, the 24th of August, 2014.

_____
Daniel Wemhoff