UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MELBIN JAVIER OCHOA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Case No. 12-2072 (RJL) |
| | ) | |
| DAVID NUYEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

(July ___, 2015) [Dkts. #35, #37]

**FILED**

JUL - 6 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Plaintiffs Melbin Javier Ochoa and Cesar Gaytan Rodriguez (collectively, "plaintiffs") commenced this action on December 31, 2012, alleging violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.*, and of the District of Columbia Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.*, against Defendants David Nuyen, USA Home Champion Realty Inc., Opmax Management, LLC, and Opmax, LLC (collectively, "defendants"). *See* Compl. [Dkt. #1].[1] Defendants were served with a copy of plaintiffs' Amended Complaint on April 27, 2013 but failed to file an answer or other response. *See* Summons [Dkts. #7, #8, #9, #10]; *see also* Greenberg Aff. ¶ 2 [Dkt. #11]. On June 3, 2013, the Clerk of Court entered default judgment against defendants USA Home Champion Realty, Inc., Opmax Management, LLC, and Opmax, LLC. *See* Clerk's Entry of Default [Dkt. #12]. The next

---

[1] Plaintiffs filed an Amended Complaint, adding two causes of action for unlawful retaliation, on February 5, 2013. *See* First Am. Compl. [Dkt. #4].

1

day, on June 4, 2013, the Clerk of Court entered default judgment against defendant Nuyen. *See* Clerk's Entry of Default [Dkt. #14]. On September 4, 2013, the court referred this action to Magistrate Judge Deborah A. Robinson to make a recommendation as to damages. *See* Order [Dkt. #16]. Thereafter, on August 22, 2014, Magistrate Judge Robinson held an ex parte damages hearing. Two days later, on August 26, 2014, defendants moved to participate in the ex parte damages hearing. Defs.' Mot. to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. #30]. The Court denied this request. Defendants promptly moved for reconsideration of this Court's denial. *See* Defs.' Mot. for Reconsid. [Dkt. #35]. On February 13, 2015, Magistrate Judge Robinson issued a Report and Recommendation recommending that default judgment be entered for Plaintiffs in the amount of $149,069.75. Report and Recommendation at 1 [Dkt. #37]. For the reasons discussed herein, the Court REJECTS Magistrate Judge Robinson's Report and Recommendation and GRANTS defendants' Motion for Reconsideration.

Throughout the pendency of this litigation, defendants have made numerous—and spirited—attempts to voice their objections to plaintiffs' damages calculation. Although defendants did not specifically object to the Report and Recommendation, the Court will construe their repeated motions to participate in a damages hearing as objections to Magistrate Judge Robinson's ex parte damages calculus. When confronted with such objections, a District Court reviewing the Magistrate Judge's recommendation must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The Court does so here. After careful review of plaintiffs' submission and Magistrate Judge Robinson's findings of fact, the Court is troubled by

several aspects of the damages award and, for the following reasons, rejects the Report and Recommendation in its entirety.

"A defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citation omitted). Default conclusively establishes a defendant's liability, but it is not the last word on damages. *Id.* Rather, upon entry of default, it is incumbent on the Court to make an "independent determination" as to the proper sum of damages awarded. *Fanning v. C & L. Serv. Corp.*, 297 F.R.D. 162, 166 (D.D.C. 2013) (citation and internal quotation marks omitted). Although the Court enjoys "considerable latitude" in this endeavor, its discretion is not unbounded. *Id.* To ensure that a damages award is not excessive, the party moving for default damages must "prove its entitlement to the amount of monetary damages requested" using "detailed affidavits or documentary evidence" to support its claims. *Fanning v. Permanent Solution Indus.*, 257 F.R.D. 4, 7 (D.D.C. 2009) (citation and internal quotation marks omitted). Plaintiffs here have marshalled no such support, making it impossible for this Court to discern the proper damages owed.

Plaintiffs are certainly entitled to receive their "unpaid overtime compensation," and an "equal amount as liquidated damages." *See* 29 U.S.C. § 216(b); *see also Thompson v. Linda And A., Inc.*, 779 F. Supp. 2d 139, 153 (D.D.C. 2011) (liquidated damages are "mandatory unless the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA action] was in good faith") (citation and internal quotation marks omitted)). They may also be entitled to "equitable relief" in the

form of lost wages and "and an additional equal amount as liquidated damages" to compensate for defendants' retaliatory conduct. *See* 29 U.S.C. § 216(b). Plaintiffs may, in addition, receive "reasonable" attorney's fees and costs incurred during the pendency of the litigation. *See id.* But entitlement to damages is not carte blanche. Plaintiffs must produce something beyond mere say-so to substantiate their requests. They must, for example, provide evidence supporting their claims for "lost wages" as a result of defendants' retaliation. Furthermore, before this Court can grant any attorney's fees and costs, plaintiffs must furnish documentation itemizing the specific activities in which each attorney engaged on plaintiffs' behalf. *See Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982) ("In the preparation of fee applications it is insufficient to provide the District Court with very broad summaries of work done and hours logged."). To date, plaintiffs have not filed any supporting documentation whatsoever. In the absence of such information, the Court simply cannot accept Magistrate Judge Robinson's current damages calculation. I therefore reject the Report and Recommendation, grant defendants' motion for reconsideration to participate in a damages hearing, and give both parties the opportunity to adduce competing facts and figures regarding the appropriate damages award.

Accordingly, for the reasons set forth herein, it is this 2nd day of July, 2015, hereby

**ORDERED** that the Report and Recommendation [Dkt. #37] filed on February 13, 2015 in the above-captioned case is **REJECTED**; and it is further

**ORDERED** that Defendants' Motion for Reconsideration [Dkt. # 35] is **GRANTED**; and it is further

**ORDERED** that the parties submit a joint proposed briefing schedule as to the issue of damages within two weeks of the date of this Order; and it is further

**ORDERED** that following this Court's entry of a briefing schedule, the case be referred to Magistrate Judge Deborah A. Robinson with instructions to hold a *de novo* hearing on damages, in which both parties may participate, and, thereafter, to issue a revised recommendation, taking into account both parties' testimony, briefing, and evidentiary support, as to the proper amount to be entered against the defaulted defendants.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge