UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MELBIN JAVIER OCHOA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Case No. 12-2072 (RJL) |
| | ) | |
| DAVID NUYEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**

APR 2 9 2020

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

<u>**MEMORANDUM OPINION**</u>

April **29**, 2020 [Dkt. #64, #66, #67]

Plaintiffs Melbin Javier Ochoa and Cesar Gaytan Rodriguez ("plaintiffs") filed this suit alleging violations of the Fair Labor Standards Act and the D.C. Minimum Wage Act Revision Act by defendants David Nuyen, USA Home Champion Realty, Inc., Opmax Management, LLC, and Opmax, LLC ("defendants"). After defendants defaulted, I referred this case to a magistrate judge to calculate plaintiffs' damages and recommend an award. On September 20, 2016, Magistrate Judge Robinson issued a Report and Recommendation ("2016 R & R") recommending that plaintiffs receive a default judgment award of $149,069.75, to which both plaintiffs and defendants filed objections. Upon consideration of Magistrate Judge Robinson's 2016 R & R, the parties' briefing, and the applicable case law and legal standards, the Court ADOPTS IN PART the 2016 Report and Recommendation [Dkt. #64], ADOPTS Plaintiffs' Objections to the Report and

Recommendation [Dkt. #66], and OVERRULES Defendants' Objections to the Report and Recommendation [Dkt. #67].

## BACKGROUND

Plaintiffs Melbin Javier Ochoa and Cesar Gaytan Rodriguez filed this suit on December 31, 2012, alleging violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.*, and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.*, against defendants David Nuyen, USA Home Champion Realty, Inc., Opmax Management, LLC, and Opmax, LLC. *See* Compl. [Dkt. #1]. Plaintiffs performed property maintenance and related work at defendants' residential rental properties in Washington, D.C. for several years until 2013. *Id.* ¶ 2. Plaintiffs allege that they were never paid overtime wages despite routinely working 66 to 72 hours per week. *Id.* ¶¶ 28, 31. When they were each terminated in January 2013 after filing their complaint, plaintiffs filed an Amended Complaint on February 5, 2013, adding two causes of action for unlawful retaliation. *See* First Am. Compl. ¶¶ 61–64, 71–76 [Dkt. #4].

Defendants were served with a copy of plaintiffs' Amended Complaint on April 27, 2013 but failed to file an answer or otherwise respond. *See* Summons [Dkt. #7, #8, #9, #10]; *see also* Greenberg Aff. ¶ 2 [Dkt. #11]. The Clerk of Court entered a default against defendants USA Home Champion Realty, Inc., Opmax Management, LLC, and Opmax, LLC on June 3, 2013, *see* Clerk's Entry of Default [Dkt. #12], and against defendant Nuyen the following day, *see* Clerk's Entry of Default [Dkt. #14].

On September 4, 2013, the Court referred this action to Magistrate Judge Deborah A. Robinson to calculate plaintiffs' damages and make a recommendation. *See* Order [Dkt.

#16].   On August 22, 2014, Magistrate Judge Robinson, having rejected defendants' attempt to participate in the hearing, held an *ex parte* damages hearing.  *See* 8/22/2014 Min. Entry.   On February 13, 2015, Magistrate Judge Robinson issued a Report and Recommendation recommending that default judgment be entered for plaintiffs in the amount of $149,069.75.  *See* Report and Recommendation ("2015 R & R") at 1 [Dkt. #37]. In a ruling on July 6, 2015, I rejected Magistrate Judge Robinson's Report and Recommendation and granted defendants' Motion for Reconsideration because defendants had made numerous attempts to voice their objections to plaintiffs' damages calculation but were denied the opportunity to participate in the damages hearing.  *See* Mem. Order at 2 [Dkt. #39].   I ordered that Magistrate Judge Robinson "hold a *de novo* hearing on damages, in which both parties may participate," and "issue a revised recommendation." *Id.* at 5.

The *de novo* damages hearing was held from December 3, 2015 to December 9, 2015.  *See* 12/9/2015 Min. Entry.   Consistent with his prior testimony, plaintiff Ochoa testified under oath that he worked approximately 66 hours each week for 159 weeks but was not paid a "half time" premium for each hour worked in excess of 40 hours.  *See* 12/9/2015 Min. Entry; 2016 R & R at 2, 4; 2015 R & R at 8.  Plaintiff Rodriguez similarly testified under oath that he worked approximately 72 hours each week for 160 weeks but was also not paid a "half time" premium.  *See* 12/9/2015 Min. Entry; 2016 R & R at 2, 4; 2015 R & R at 9.  The defense presented one witness, Sung Dang, who was the building contractor responsible for paying plaintiffs Ochoa and Rodriguez biweekly.  He claimed that the amounts he paid them varied based on the work completed.  Tr. 56:22–23, 59:18–

3

20 [Dkt. #61].  He testified that he sometimes paid Ochoa "around $400 or $500," but other times he paid Ochoa between $800 and $900.  Tr. 57:22–58:1.  He also testified that he sometimes paid Rodriguez "around $700 every two weeks" but on occasion paid Rodriguez up to $1100.  Tr. 60:13–23.  While the defense attempted to introduce notes purportedly containing payment records created by Dang, Magistrate Judge Robinson ruled that the notes were inadmissible because they did not fit within the business records exception to the hearsay rule, because they were untimely submitted to the court, and because they were subject to spoliation by counsel's notations.  *See* Tr. 51:19–52:7.

On September 20, 2016, Magistrate Judge Robinson issued a new Report and Recommendation recommending that default judgment be entered for plaintiffs in the amount of $149,069.75, the same amount recommended in 2015.  *See* 2016 R & R at 6. Defendants objected to the new R & R, arguing Magistrate Judge Robinson erred by refusing to credit Dang's testimony, by excluding payment records kept by Dang, and by overlooking defendant's argument that any failure to make overtime payments was not willful but in good faith.  Defs.' Objs. to R & R [Dkt. #67].  Plaintiffs objected to Magistrate Judge Robinson's new R & R on the limited basis that the 2015 R & R's damages calculation "does not encompass any of the time and [attorney's] fees Plaintiffs incurred *after* the Court issued the 2015 Report and Recommendation."  Pls.' Objs. to R & R at 2 [Dkt. #66].

## STANDARD OF REVIEW

Upon a plaintiff's request, Rule 55(b) of the Federal Rules of Civil Procedure authorizes the court to enter against a defendant a default judgment for the amount claimed

and costs. Fed. R. Civ. P. 55(b). While a "default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002). A plaintiff who moves for default judgment must prove his entitlement to the requested damages. *Id.* The court may conduct a hearing regarding the scope of damages, Fed. R. Civ. P. 55(b)(2), and may also rely on sufficiently detailed affidavits and evidence, *see Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2002).

When a party objects to a magistrate judge's recommended disposition, the Court reviews *de novo* the portions of the recommendation to which the parties objected. Fed. R. Civ. P. 72(b)(3); LCvR 72.3(c). The Court may "accept, reject, or modify the recommended disposition" and may "receive further evidence," as necessary. Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

Magistrate Judge Robinson recommended that the Court order damages in the amount of $149,069.75.[1] She found that plaintiffs testified reliably regarding the number of overtime hours each of them worked and that defendants "made no attempt to impeach their testimony during cross-examination." 2016 R & R at 4. I agree. Where a full documentary record of plaintiffs' hours worked is unavailable, the Court may "rely[] on

---

[1] This damages figure would award plaintiff Ochoa $20,670 in overtime wages, an equal amount in liquidated damages, $12,800 in lost wages, and $12,800 in mental and emotional distress damages; it would award plaintiff Rodriguez $25,600 in overtime wages, an equal amount in liquidated damages, $9,600 in lost wages, and $9,600 in mental and emotional distress damages; and it would award attorney's fees and costs totaling $11,729.75.

5

affidavits, documentation, or an evidentiary hearing" to make a finding regarding the amount to be awarded as damages. *Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 104 (D.D.C. 2015). Plaintiff Ochoa testified under oath that he worked approximately 66 hours each week for 159 weeks without overtime pay, and plaintiff Rodriguez similarly testified under oath that he worked approximately 72 hours each week for 160 weeks without overtime pay. See 2015 R & R at 8–9. Because FLSA puts the burden on the employer to maintain records of hours worked and wages paid, where the employer has failed to do so, the Court may accept plaintiffs' detailed approximations "as a matter of just and reasonable inference." *Arias v. U.S. Serv. Indus., Inc.*, 80 F.3d 509, 512 (D.C. Cir. 1996).

Defendants object to Magistrate Judge Robinson's failure to credit Dang's testimony that plaintiffs were paid differing amounts every two weeks based on their skill level and job performances. Dang, the defense's sole witness, testified that he paid Ochoa and Rodriguez varied amounts biweekly—from $400 or $500 to $800 or $900 for Ochoa, and from $700 to $1100 for Rodriguez—based on the work completed. Tr. 56:22–23, 57:22–58:1, 59:18–20, 60:13–23. As noted, however, the burden is on "the employer to come forward with evidence of the precise amount of work performed." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946). "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Id.* I find that Dang's uncorroborated testimony is not sufficient to overcome plaintiffs' detailed testimony supporting their estimates of the amount of uncompensated work they performed. *See Arias*, 80 F.3d at 512. Dang's testimony makes

little sense in light of plaintiffs' testimony that they were consistently paid a $10/hour wage. To say the least, it certainly does not constitute evidence of the "precise amount of work performed," which an employer is required to produce to rebut reasonable inferences of the employees' uncompensated work. *See Anderson*, 328 U.S. at 687.

Defendant Nuyen also objects to Magistrate Judge Robinson's exclusion of Dang's notes as inadmissible hearsay, as not timely submitted, and as improperly altered. Magistrate Judge Robinson held Dang's notes, offered as Exhibit A, to be inadmissible under the business records exception to the hearsay rule because these records "were not maintained in the regular course of business, but were created and located under exceptional circumstances." 2016 R & R at 5. Alternatively, Magistrate Judge Robinson held the documents inadmissible "due to spoliation by defense counsel" because the defense counsel had notated the margins "to more easily identify when the document referenced [p]laintiffs by name." *Id.* at 6. She further noted "defense counsel's failure to comply with the Court's scheduling order with respect to the submission of exhibits." *Id.* at 5.

Any of Magistrate Judge Robinson's three alternative grounds for excluding Dang's notes would be sufficient. A record is admissible under the business records exception only if: (1) "the record was made at or near the time by — or from information transmitted by — someone with knowledge;" (2) "the record was kept in the course of a regularly conducted activity of a business;" (3) "making the record was a regular practice of that activity;" (4) "all these conditions are shown by the testimony of the custodian or another qualified witness;" and (5) "the opponent does not show that the source of information or

7

the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6). Cleanly, Dang's notes fail at least two of these requirements. Dang testified that records regarding the commissions paid to the two plaintiffs in 2011 and 2012 were "prepared around 2013." Tr. 18:6–9, 19:17. The records were therefore not "made at or near the time" the events occurred. *See* Fed. R. Evid. 803(6). Also, while claiming that he did keep records regarding the two plaintiffs, Dang testified that he "normally do[es]n't keep any records" and that these records were "found accidentally." Tr. 12:5–7. Accordingly, the records were also not created and kept as "a regular practice of" a business activity. *See* Fed. R. Evid. 803(6).

It is also undisputed that Dang's payment records were altered by defendants' counsel in preparation for litigation. *See* Tr. 37:15–38:17, 46:20–22, 49:15–50:14. This fact alone renders the records inadmissible. *See* Fed. R. Evid. 803(6) (evidence is inadmissible if "the source of information or the method or circumstances of preparation indicate a lack of trustworthiness"); *Zhi Chen v. Dist. of Columbia*, 839 F. Supp. 2d 7, 12 (D.D.C. 2011). For all of these reasons, I conclude Magistrate Judge Robinson properly excluded Dang's notes. I therefore adopt Magistrate Judge Robinson's overtime wages calculations.

Finally, Defendant Nuyen objects to Magistrate Judge Robinson's decision to apply a three-year statute of limitations and award liquidated damages based on a finding that defendants had not acted in good faith. Under FLSA, the statute of limitations is two years if the violation was in good faith but three years if the violation was willful. 29 U.S.C. § 255(a). Similarly, under FLSA, any employer who violates section 207 of FLSA is liable

for unpaid overtime compensation as well as liquidated damages, though the court in its sound discretion may award reduced liquidated damages based on a showing by the employer that the violation was in good faith. *See id.* §§ 216(b), 260. The burden is on the employer to show that it acted in good faith. *See Arias*, 80 F.3d at 512. A good faith defense "depends on an affirmative showing of a genuine attempt to ascertain what the law requires, not simply on a demonstration of the absence of bad faith." *Dove v. Coupe*, 759 F.2d 167, 175–76 (D.C. Cir. 1985). Defendants have produced no evidence that they relied on legal advice or other guidance in failing to pay overtime wages as FLSA requires. I thus reject defendants' objection and adopt Magistrate Judge Robinson's liquidated damages calculation and application of a three-year statute of limitations.

Magistrate Judge Robinson found that her initial damages calculation still applied, 2016 R & R at 6, and thus recommended that the Court award damages to plaintiff Ochoa in the amount of $66,940, which includes $20,670 in overtime pay, $20,670 in liquidated damages, $12,800 in lost wages, and $12,800 in mental and emotional distress. 2015 R & R at 8–9. She recommended that the Court award damages to plaintiff Rodriguez in the amount of $70,400, which includes $25,600 in overtime pay, $25,600 in liquidated damages, $9,600 in lost wages, and $9,600 in mental and emotional distress. *Id.* at 9–10. Finally, she recommended that default judgment also include reasonable attorney's fees and costs in the amount of $11,729.75, for a total damages award of $149,069.75. *Id.* at 10.

Plaintiffs object to Magistrate Judge Robinson's recommendation only on the basis that it does not encompass attorney's fees incurred since her original recommendation in

2015.  As they note, plaintiffs are entitled to attorney's fees for their attorney's additional work after the 2015 Report & Recommendation was issued.  Indeed, under FLSA, an award of attorney's fees to the prevailing party is mandatory.  *Driscoll v. George Washington Univ.*, 55 F. Supp. 3d 106, 112 (D.D.C. 2014).  An award of attorney's fees should compensate the prevailing party for all the hours reasonably expended on a successful litigation, including those spent preparing an appeal or litigating the case on remand.  *See Perkins v. Standard Oil Co. of Cal.*, 399 U.S. 222, 223 (1970); *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1179 (D.C. Cir. 1985).

Plaintiffs seek attorney's fees for an additional 84.6 hours spent by their attorney Jason Friedman on this matter since the 2015 R & R's issuance, resulting in an additional $27,105 in fees.  Pls.' Objs. to R & R at 2.  Once a plaintiff has shown he is entitled to attorney's fees, the district court must "determine what fee is reasonable."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The proper amount of attorney's fees is calculated "by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."  *Blum v. Stenson*, 465 U.S. 886, 888 (1984).  A party seeking attorney's fees must affirmatively demonstrate, through documentary evidence and detailed affidavits, the amount of time expended on the matter and the appropriateness of the attorneys' hourly rates.  *See Ventura*, 134 F. Supp. 3d at 103, 105–06.  As such, I must evaluate the attorneys' hourly rates and the amount of time expended to determine whether they are reasonable.

Attorneys' rates are reasonable if they are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and

reputation." *Covington v. Dist. of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995) (quoting *Blum*, 465 U.S. at 896 n.11). Our Circuit Court allows that attorney's fees be calculated pursuant to the *Laffey* Matrix employed in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000). *See Covington*, 57 F.3d at 1109. With their objection, plaintiffs filed a declaration from their attorney detailing his billing rates and his legal services provided in this matter, *see* Pls.' Objs. to R & R, Ex. 1, Decl. of Jason D. Friedman ("Friedman Decl.") [Dkt. #66-1], as well as a copy of the billing statement that reflects all professional time expended and costs incurred, *see* Pls.' Objs. to R & R, Ex. 2, Invoice [Dkt. #66-2]. According to this declaration, attorney Jason D. Friedman billed an additional 84.6 hours at a rate of $325.00 per hour after the 2015 R & R, *see* Friedman Decl. ¶¶ 1, 5, for performing and briefing detailed damage calculations, preparing for and attending multiple hearings, and briefing plaintiffs' objection to the R & R, *see* Invoice at 1–3. Plaintiff's counsel's billing rate of $325.00 is consistent with the *Laffey* Matrix and is reasonable given counsel's risk in handling this case on a contingency fee basis, the overall amount of damages, and the level of skill required. Plaintiff's counsel's declaration and the attached invoice also provide sufficient detail to enable the Court to "make an independent determination whether or not the hours claimed are justified." *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982) (per curiam). Having independently reviewed plaintiff's counsel's claimed hours, I find that none of these tasks were "duplicative, excessive, or otherwise unnecessary." *Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 8, 34 (D.D.C. 2010). Upon reviewing the parties' briefing, the Court is satisfied that attorney Jason Friedman expended a reasonable amount of time on this litigation

considering the specific circumstances of this case and charged a reasonable billing rate consistent with the *Laffey* Matrix. Accordingly, I adopt plaintiffs' objections to the 2016 Report & Recommendation and award plaintiffs an additional $27,105 in attorney's fees.

## CONCLUSION

Upon consideration of Magistrate Judge Robinson's R & R, the parties' briefing, and the applicable case law and legal standards, the Court adopts Magistrate Judge Robinson's Report and Recommendation awarding plaintiffs $149,069.75, except to the extent the Court awards plaintiffs an additional $27,105 in attorney's fees incurred after the issuance of the February 2015 Report and Recommendation. An appropriate Order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge